United States District Court
Southern District of Texas

**ENTERED**

May 26, 2016

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VICTOR CHRISTOPHER SANFORD, | § | |
| TDCJ #847797, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. H-16-1348 |
| | § | |
| LORIE  DAVIS, | § | |
| | § | |
| Respondent. | | |

## MEMORANDUM AND ORDER

The petitioner, Victor Christopher Sanford, TDCJ #847797 ("Sanford"), seeks a writ of habeas corpus to challenge a state court judgment under 28 U.S.C. § 2254.  For the reasons that follow, his petition will be dismissed as barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d).

## I.    BACKGROUND AND PROCEDURAL HISTORY

According to the petition, on October 13, 1998, Sanford pled guilty to murder in the 329th Judicial District Court of Wharton County, Texas and was sentenced to 35 years in prison. Docket Entry No. 1 at 2-3.

Sanford indicates that he did not challenge his conviction on direct appeal.  *See id.* at 3. Sanford reports that he filed his state application for habeas corpus on December 14, 2015, and that the application was denied without written order by the Texas Court of Criminal Appeals on February 24, 2016.  *Id.* at 3-4.

In a federal petition that is dated May 3, 2016, Sanford now seeks a writ of habeas corpus to challenge his conviction under 28 U.S.C. § 2254.  Docket Entry No. 1.  In that petition, Sanford raises claims regarding insufficiency of the indictment and evidence and incompetent

guilty plea.  *See id.* at 6.  The Court finds that Sanford's petition is subject to dismissal because it is barred by the applicable one-year statute of limitations.

## II.    THE ONE-YEAR STATUTE OF LIMITATIONS

This federal habeas corpus proceeding is governed by the Anti-terrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  According to the AEDPA, Sanford's federal habeas corpus petition is subject to a one-year limitations period found in 28 U.S.C. § 2244(d).  Because Sanford challenges a state court judgment of conviction, the statute of limitations for federal habeas corpus review began to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

Sanford's direct review concluded and his conviction became final for the purposes of federal habeas corpus review on November 12, 1998, when the time to file an appeal expired. The one-year statute of limitations began to run on that date for purposes of 28 U.S.C. §2244(d)(1)(A).  Sanford's pending federal habeas corpus petition, filed on May 3, 2016, is well outside the limitations period and is therefore time-barred unless an exception applies.

The statute of limitations is tolled for the time during which a properly filed application for habeas corpus or other collateral relief is pending in the state courts.  *See* 28 U.S.C. §2244(d)(2).  Sanford's recent state habeas corpus application, filed well outside the limitations period, does not toll the statute of limitations for purposes of 28 U.S.C. § 2244(d)(2).  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).  More than seventeen years have elapsed since Sanford's case became final.

The form petition executed by Sanford advised him of the one-year statute of limitations

found in the AEDPA, setting out 28 U.S.C. § 2244(d) in full, and asked him to explain why his petition was not time barred. Docket Entry No. 1 at 9. Sanford did not reply, nor did he give any justification why this case should be tolled for statutory or equitable reasons. Sanford does not allege a newly recognized constitutional right upon which the petition is based; nor does he allege a factual predicate for the claim that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C),(D). Accordingly, the Court finds that Sanford has not stated a basis for tolling the limitations period, and therefore this case is barred by the one-year statute of limitations under the AEDPA.

## III. CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. *See* 28 U.S.C. § 2253. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

**IV.    ORDER**

Based on the foregoing, it is hereby

**ORDERED** that Sanford's petition is **DISMISSED** with prejudice as barred by the one-year statute of limitations; it is further

**ORDERED** that a certificate of appealability is **DENIED**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, this 26th day of May, 2016.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE